UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV375-J

GLORIA CANFIELD FOR A.R.C., a minor child                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
          Commissioner of Social Security                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Gloria Canfield ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be reversed.

## PROCEDURAL HISTORY

On March 6, 2006, Ms. Canfield filed application for supplemental security income payments, alleging that her minor child had been disabled since February 14, 2006, at the age of six. After a hearing, Administrative Law Judge Roland Mather ("ALJ") determined that A.R.C. had "marked" impairment in only one of the relevant domains, such that he did not qualify for SSI. This became the final decision of the Defendant when the Appeals Council denied review on May 22, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence

1

supports the factual determinations of the ALJ. <u>Elam v. Commissioner</u>, 348 F.3d 124 (6th Cir. 2003).

"Substantial evidence" exists if there is sufficient evidence from which reasonable minds could

arrive at the challenged conclusion. <u>NLRB v. Columbian Enameling and Stamping Co.</u>, 306 U.S.

292 (1939); <u>Foster v. Bowen</u>, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible

error and if substantial evidence exists to support the challenged conclusions, this Court must affirm,

regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ committed legal error in failing to find that A.R.C. met the

requirements of Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as

"the Listings"). To equal the listing, plaintiff bears the burden of demonstrating that A.R.C. suffered

from "marked" limitations in two domains set out in 20 C.F.R. Sec. 416.926a(d). The ALJ found

a marked limitation only in A.R.C.'s ability to acquire and use information. Plaintiff contends that

this finding was based solely on a belief that A.R.C. was improving, and that this was error because

the apparent academic "improvement" was artificial, being the product of A.R.C.'s having been

placed in a special education "one on one" setting where he was repeating the material presented to

him the previous year. Furthermore, plaintiff contends that the ALJ did not properly evaluate the

"health and well-being" domain.

The ALJ acknowledged that A.R.C.'s first grade teacher noted marked attention problems

in September 2006 and that testing by a school psychologist in January 2007 found clinically

significant attention problems. However, the ALJ also noted that A.R.C.'s medication was changed

in January of 2007, and that the testifying medical expert (Dr. Seligman) believed A.R.C. showed

improvement thereafter. Looking in particular at hospitalizations for aggressive, out-of-control

behavior, Dr. Seligman observed that the hospitalizations appeared to be for inability to deal with bipolar disorder, "but it doesn't seem to rise to the level of marked." Tr. 318.

The August 28, 2007 records of the Bingham Child Guidance Center report that plaintiff stated A.R.C. had been "sitting down to do homework better," but behavioral problems were continuing. Tr. 284.   September 28, 2007 note states that "he didn't take his medicine" and this resulted in problems at school. Tr. 282.  These records, all after the change in medication, show that A.R.C. remained hyper, bipolar, ADHD, couldn't wash his own hair or take care of other personal needs, that his frustration often led him to swear at his mother, hit, kick, throw things, and show other aggressive behavior, all problems that occurred on a regular basis.  Tr. 281-291.

There is no support for the ALJ's conclusion that A.R.C. showed improvement after the January 2007 change in medication.  While the frequency of hospitalization for his aggressive behavior lessened, its frequency and regular interference with his functioning did not change. Furthermore, the testifying expert, upon whom the ALJ relied heavily,  was unwilling to attribute the apparent improvement in academic performance and attention either to medication change or to actual improvement in A.R.C.'s condition.  Rather, he testified that he could see "improvement this year ... compared with last year.  As to whether that's related to the one-on-one or whether that's related to the fact that he's repeating information he already(sic) last year and would be expected to do better, I don't know."  Tr. 322-323.

The record, viewed as a whole, fails to support the ALJ's finding of "improvement."  Instead, it shows continuing difficulties in several domains (attention, health and well-being, acquiring and using information).  These difficulties were previously identified as "marked."  As no basis appears for discarding those previous determinations and finding "improvement," substantial evidence fails

3

to support the decision of the ALJ.  The decision must be reversed and this matter remanded for calculation and award of benefits.

An order in conformity has this day entered.